**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marlo Dee Kueneman,<br><br>              Plaintiff,<br><br>v.<br><br>United States of America, Paul D Vollman, Unknown Vollman, and G4S Secure Solutions,<br><br>              Defendants. | No. CV-20-02295-PHX-DLR<br><br>**ORDER** |

Pending before the Court is Defendant United States of America's motion to dismiss (Doc. 34), which is fully briefed. The Court grants the motion.

**I. Background**

This case arises out of a January 2019 automobile collision between Plaintiff Marlo Kueneman and Defendant Paul Vollman. (Doc. 1 ¶ 12; Doc. 14 ¶ 12.) Vollman was driving a bus owned by the Department of Homeland Security (the "Department"), and he told Keuenman that he worked for the Department. (Doc. 36-1 at 1; Doc. 36-2 at 1.) Other people—who identified themselves as employees of the Department—arrived on scene shortly after the accident and assured Kueneman "we are going to take care of you." (Doc. 36-2 at 1.)

Kueneman sued Vollman for negligence and sued the United States as his alleged employer under a respondeat superior theory. (Doc. 1.) Vollman answered the complaint

but denied being employed by the United States. (Doc. 14 ¶ 23.) Two months later, the United States asked Kueneman to voluntarily dismiss it from the complaint, explaining that Vollman was not a federal employee and therefore the United States could not be liable under the Federal Tort Claims Act ("FTCA"). (Doc. 34 at 1.) The United States identified Vollman's employer as G4S Secure Solutions, which worked under contract for the United States. *Id.* Kueneman amended the complaint only to add G4S Secure Solutions as a defendant and allege that it, alternatively, employed Vollman. (Doc. 29.) He maintained the allegation that Vollman was a federal employee and did not voluntarily dismiss the United States. (*Id.*) The United States now moves for dismiss for lack of subject-matter jurisdiction.

**II. Standard**

A motion under Federal Rule of Civil Procedure 12(b)(1) comes in two flavors: facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). This attack is a factual one because the United States challenges the truthfulness of the allegation that Vollman was a federal employee. (Doc. 34 at 2.) To resolve a "factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Court need not presume the truthfulness of a plaintiff's allegations. *Id*. Instead, once a defendant has presented affidavits or other evidence properly brought before the Court, the plaintiff bears the burden to "prov[e] by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

**III. Analysis**

Kueneman's claim against the United States is governed by the FTCA. Under that act, the United States waived its sovereign immunity to allow plaintiffs to recover money damages for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or

employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b)(1). Independent contractors are not employees. *United States v. Orleans*, 425 U.S. 807, 813 (1976) (citing 28 U.S.C. § 2671).

Here, the United States submitted an affidavit from a Supervisory Mission Support Specialist at the Department, Immigration and Customs Enforcement ("ICE"). He averred that ICE contracted with G4S Secure Solutions to provide transportation services and detention officers to transport ICE detainees. (Docs. 34-1; 34-2.) Further, G4S Secure Solutions employed Vollman as a detention officer under that contract from January 2012 to December 2019. (Doc. 34-1.) The United States provided a copy of the contract with G4S Service Solutions. (Doc. 34-2.)

Kueneman maintains that Vollman was a federal employee based on Vollman's statement and the help offered by Department employees at the collision site. (Doc. 36 at 3; Doc. 36-2.) But although one could interpret Vollman's statement as meaning "I work [as an employee] for the Department," it could just as easily mean "I work for the Department [as an independent contractor]." And the appearance of Department employees, though relevant to whether there was a relationship between Vollman and the Department, does not indicate whether it was an employment or independent contractor relationship. Plaintiff has not carried his burden to prove by a preponderance of the evidence that Vollman was a federal employee at the time of the collision. Therefore, the United States has not waived its sovereign immunity to be sued in this case, and it must be dismissed.

Kueneman contests this outcome. First, he argues that Vollman, if he wasn't a federal employee, fell into the class of independent contractors over which the FTCA waived the United States' sovereign immunity. But Kueneman never alleged this in the first amended complaint (Docs 1, 23). Nor does he ask for leave to amend the first amended complaint. Raising this argument in the response does not establish subject-matter jurisdiction.

Second, he argues that the Court should convert the motion to dismiss into a motion for summary judgment, find that a material fact is disputed (the identity of Vollman's employer), and deny summary judgment.[1]  But this is appropriate when the jurisdictional issue goes to the merits of the case. *Safe Air*, 373 F.3d at 1040.  The identity of Vollman's employer has no bearing on Kueneman's negligence claim.

Finally, he seeks leave to perform additional discovery about the identity of Kueneman's employer.  A court appropriately denies such a request when it arises out of "little more than a hunch it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).  Here, Kueneman seeks to depose Vollman and the Department employees who arrived on-scene at the collision. (Doc. 36 at 3.)  But the United States has already provided an affidavit and documentary evidence that it did not employ Vollman.  Further discovery would be based on a mere hunch and thus inappropriate.

**IV. Conclusion**

The United States established that it did not employ Vollman, and Kueneman did not plead any other grounds for imposing liability on the United States.  Sovereign immunity thus bars the United States liability under the first amended complaint.  Therefore,

**IT IS ORDERED** that Defendant United States of America's Motion to Dismiss (Doc. 34) is **GRANTED**.

Dated this 9th day of February, 2022.

Douglas L. Rayes
United States District Judge

---

[1] Converting the motion to a motion for summary judgment would not change the outcome.  Based on the affidavit and the contract with G4S Service Solutions presented by the United States, reasonable jurors could not disagree on Vollman's employment status.